UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ENGINEERING & MANUFACTURING SERVICES, LLC, <br>               Plaintiff, <br><br> vs. <br><br> CHESTER J. ASHTON, et al., <br><br>               Defendants. | CASE NO. 1:07CV689 <br><br> JUDGE CHRISTOPHER A. BOYKO <br><br> **OPINION AND ORDER** |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Plaintiff's Motion to Strike Exhibits (ECF DKT #9) and Plaintiff's Motion for Partial Summary Judgment (ECF DKT #3). For the following reasons, both motions are overruled.

## I. FACTUAL BACKGROUND

Plaintiff, Engineering & Manufacturing Services, LLC, brings this 42 U.S.C. § 1983 action against three individual members of the Cleveland Fire Department for the alleged violation of Plaintiff's right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from unlawful searches and seizures. On February 13, 2007, Battalion Chief Chester J. Ashton signed an affidavit in support of a request for a warrant to inspect the premises of Engineering & Manufacturing Services, LLC. (Note: the location is 1120 East 152nd Street; although the County Auditor's website lists the address as 1124 East 152nd Street.) Judge Raymond L. Pianka, of the Cleveland Municipal Housing Court, signed the

warrant on February 20, 2007 and it was executed on February 22, 2007. Ultimately, Engineering & Manufacturing Services, LLC was cited on March 15, 2007 for five violations of the City of Cleveland's Municipal Code.

Plaintiff filed the captioned Complaint on March 9, 2007 and moved for partial summary judgment on the issue of liability on April 4, 2007. Plaintiff claims the search warrant affidavit was merely "bare bones", containing no information that would permit a finding of probable cause by the issuing magistrate; and, therefore, the search of Plaintiff's industrial plant violated Plaintiff's Fourth Amendment rights. Plaintiff has reserved its right to a jury trial on the issue of damages resulting from Defendants' alleged Fourth Amendment violations. Defendants were permitted until June 14, 2007 to file their opposition brief.

On July 13, 2007, Plaintiff filed its Motion to Strike Exhibits; and Defendants filed their opposition on July 30, 2007.

## II. LAW AND ANALYSIS

### Standard of Review

### Motion to Strike

Pursuant to Fed. R. Civ. P. 12(f), upon timely motion or upon the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, though a party is obligated to produce evidence demonstrating a genuine issue of material fact to defeat summary judgment, not all evidence is permissible. *McQuain v. Ebner Furnaces, Inc.*, 55 F. Supp. 2d 763, 769-770 (N.D. Ohio 1999). Only admissible evidence, defined as "evidence

that is relevant and of such a character ... that the court should receive it", may be considered by the court in ruling on a motion for summary judgment. See *Wiley v. United States*, 20 F. 3d 222, 225-226 (6th Cir. 1994); *Steele v. Jennings*, 2005 WL 2124152, at *3 (S.D. Ohio Aug. 31, 2005).

Plaintiff, Engineering & Manufacturing Services, LLC, argues that a number of Defendants' exhibits, appended to their Opposition Brief, were never presented to Judge Pianka when he issued the search warrant in this case. Plaintiff asserts these exhibits are immaterial, impertinent, and irrelevant as barred by the "four corners rule"; and therefore, should be stricken. The "four corners rule" was articulated by the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 109 n. 1 (1964): "It is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention." This Court is capable of determining relevancy and of excluding unnecessary matters from its consideration. In fact, the questioned exhibits are not pertinent to this ruling and will not be considered, since the Court can decide the issue of probable cause with reference to the affidavit of Battalion Chief Ashton alone. Nonetheless, Plaintiff's brief in support of its Motion for Summary Judgment does make allegations of conspiracy and ulterior motives, among other accusations, to which Defendants must be entitled to respond -- -- though not within the ambit of this particular dispositive motion. Therefore, Plaintiff's Motion to Strike Exhibits is overruled.

**Motion for Summary Judgment**

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations

of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F. 3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F. 3d at 1347; *Lee v. Ritter*, No. 1:02-CV-282, 2005 WL 3369616, at *2 (E.D. Tenn. Dec. 12, 2005). This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F. 3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F. 2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323; *Lee*, 2005 WL 3369616 at *2. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

In the instant matter, Plaintiff, Engineering & Manufacturing Services, LLC, admits

for the sake of argument (without conceding this warrant's validity) that an administrative warrant does not require probable cause in the criminal law sense. Rather, administrative probable cause, justifying the issuance of a warrant, "may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular establishment.'" *Trinity Industries, Inc. v. Occupational Safety and Health Review Comm'n*, 16 F. 3d 1455, 1463 (6th Cir. 1994) (Batchelder, J., concurring), quoting *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320 (1978). "A warrant ... would provide assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria." *Barlow's*, 436 U.S. at 323. The parties agree this warrant application did not allege specific evidence of an existing violation. The parties also concur that the property owner's refusal to allow entry to fire inspectors (admittedly recited in Ashton's affidavit) cannot provide the basis for probable cause to issue the warrant. Still, Plaintiff insists the affidavit of Battalion Chief Ashton, presented to Judge Pianka, was a mere "bare bones" affidavit. Plaintiff argues the affidavit contains no supporting information, and is based upon the Chief's conclusory beliefs and suspicions. Plaintiff likens it to the deficient affidavit in *United States v. Laughton*, 409 F. 3d 744 (6th Cir. 2005), which mentioned no address, and made no connection between the defendant and the address nor between the address and the illegal activity.

This Court finds the grievous defects cited in the *Laughton* case are not present here. The affidavit Judge Pianka reviewed provides the identity and qualifications of the affiant.

Chester Ashton is the chief of the battalion closest to the industrial premises; and the firefighters he supervises would "be responsible for responding to a fire at this address if one were to occur." Reference is made to Cleveland Codified Ordinance § 381.04, authorizing the Fire Chief or his representatives to enter during reasonable hours "to examine and inspect for hazardous or dangerous conditions, equipment, materials, liquids, gases or accumulations; obstructions to or on fire escapes and other means of egress; and for the maintenance of fire protection equipment." In addition, paragraphs #3 and #4 mention the Fire Department's annual inspections of industrial sites, to "get to know the property" and "make certain there are no hazardous or dangerous conditions inside that would pose a threat to firefighters in the event of a fire." Considering the totality of the circumstances, therefore, probable cause for the administrative warrant existed: 1) Battalion Chief Ashton was competent to make the sworn declarations in the search warrant application; 2) a valid city ordinance authorized an administrative search, such as the one conducted here; and 3) annual inspections of industrial premises for fire safety concerns are reasonable and neutral.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Exhibits is overruled. Moreover, Plaintiff, Engineering & Manufacturing Services, LLC, has not satisfied its Fed. R. Civ. P. 56 burden of demonstrating no genuine issue of material fact and entitlement as a matter of law to summary judgment in its favor that Defendants' search of Plaintiff's industrial premises violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure. Thus, Plaintiff's Motion for Partial Summary Judgment on the issue of

liability is also overruled.

IT IS SO ORDERED.

DATE: 9/13/07

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

FILED

SEP 13 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND