**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ENGINEERING & MANUFACTURING SERVICES, LLC,** ) ) | **CASE NO.  1:07CV689** |
| Plaintiff, ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) ) | **ORDER** |
| **CHESTER J. ASHTON, et al.,** ) ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Motion (ECF DKT #31) to Reconsider Order Striking Briefs.  For the following reasons, Plaintiff's Motion is denied.

**I.  BACKGROUND**

On July 15, 2008, the Court entered its Order striking Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment (ECF DKT #25), as filed out of rule.  On the same date, the Court also ordered Plaintiff's Response to Defendants' Reply Brief (ECF DKT #28) stricken as prematurely-filed, without leave.  Plaintiff now seeks reconsideration, asserting Plaintiff's counsel understood a brief accompanying a motion for leave to file instanter is deemed filed at the moment the order granting leave is entered.  In addition, Plaintiff filed its response to a reply brief, without leave, because counsel "promised" to file the brief before counsel left the country; and because counsel "opted" for this approach rather than filing for leave to file instanter.

**II. LAW AND ANALYSIS**

**Motion for Reconsideration**

The Federal Rules of Civil Procedure do not provide for motions to reconsider. Although motions for reconsideration may frequently be brought, they are granted only in rare and unusual circumstances. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

> "Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues."

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (internal citations and quotations omitted).

Furthermore, a "motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp.2d 573, 634 (N.D. Ohio 2003). Plaintiff's motion accomplishes none of those goals; rather, it merely expresses disagreement with the Court's ruling.

Plaintiff misapprehends the operation of a motion for leave to file instanter. No party is entitled to file a document out of rule for which leave has not yet been granted. In this instance, Plaintiff was immediately put on notice, on May 29, 2008, by the Clerk's modifying language: "DOCUMENT FILED PREMATURELY WITHOUT LEAVE OF COURT." Further, the Court's Order, on the following day, granted leave but did not deem the brief filed. Plaintiff cannot, and did not, cite to any applicable federal rule. Instead, Plaintiff referenced Ohio state

practice as counsel has experienced it.

Since Plaintiff concedes that leave to file instanter means, "immediately," "forthwith," or "without delay," and since Plaintiff's Opposition Brief was not filed for more than two weeks after the Court granted leave, it is stricken.  Upon reconsideration, this Court, therefore, adheres to its previous ruling.

The second issue raised by Plaintiff is the striking of its Response to Defendants' Reply Brief.  Put simply, though Plaintiff filed a motion for leave, the Response was filed before the Court ruled.  There is no justification for reversing the Order striking the Response as prematurely-filed.  Upon reconsideration, this Court again adheres to its previous ruling.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF DKT #31) to Reconsider Order Striking Briefs is denied.

**IT IS SO ORDERED.**

**DATE: ___August 12, 2008_____**

                                      **S/Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**