UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ENGINEERING & MANUFACTURING SERVICES, LLC,** ) ) | **CASE NO. 1:07CV689** |
| Plaintiff, ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) ) | **OPINION AND ORDER** |
| **CHESTER J. ASHTON, et al.,** ) ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #66) of Defendants, Chester J. Ashton, John McKenna and Douglas G. Veselsky, for Summary Judgment, on the basis of qualified immunity. For the following reasons, the Motion is granted in part as to Defendants, McKenna and Veselsky; and denied in part as to Defendant Ashton.

**I. BACKGROUND**

Plaintiff, Engineering & Manufacturing Services, LLC ("EMS"), is an Ohio corporation with its principal place of business located at 1120 East 152nd Street, Cleveland, Ohio. EMS manufactures sheet metal parts for the automotive after-market in a 42,000 square foot building located at that address. Defendant, Chester J. Ashton, is a Battalion

Chief employed by the City of Cleveland in the Division of Fire.  Defendant, John McKenna, is a Captain and Deputy Fire Marshall employed by the City of Cleveland in the Division of Fire.  Defendant, Douglas G. Veselsky, is a Lieutenant and Chief Fire Inspector employed by the City of Cleveland in the Division of Fire.

On November 29, 2006, Battalion Chief Ashton attempted to conduct an inspection of the water-based fire protection system(sprinkler or standpipe) at EMS, but was refused entry by the owner, Alexander Erdey.  On December 22, 2006, firefighters from Ladder Company 31 attempted to conduct an inspection of the EMS premises, but were refused entry by the owner.  On February 13, 2007, Battalion Chief Ashton signed an affidavit requesting a warrant, to inspect the EMS property at 1120 East 152nd Street, from Judge Raymond L. Pianka of the Cleveland Municipal Housing Court.  Judge Pianka signed the warrant on February 20, 2007 and the inspection was carried out on February 22, 2007.  After the inspection, EMS was cited, on March 15, 2007, for five violations of the City of Cleveland's Municipal Code.  The City did not pursue court enforcement of the citations; and EMS did not appeal these violations.

EMS filed the instant Complaint on March 9, 2007, alleging the search warrant affidavit was merely "bare bones;" and contained no information that would permit a finding of probable cause by the issuing magistrate.  EMS brought its single-count Complaint pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging "[t]he actions of Defendants CHESTER J. ASHTON, JOHN McKENNA and DOUGLAS G. VESELSKY, and each of them, were deliberate and intentional violations of 42 U.S.C. § 1983 and the clearly established constitutional rights of Plaintiff ENGINEERING & MANUFACTURING

SERVICES, LLC to be free from unreasonable searches and seizures as guaranteed by the fourth and fourteenth amendments to the United States Constitution." EMS also requested monetary relief, in the form of nominal damages, general damages, compensatory damages, and punitive damages, from each of the individually named Defendants.

Less than a month after the above-captioned Complaint was filed, EMS filed its Motion (ECF DKT #3) for Partial Summary Judgment on the issue of liability. The Court found that probable cause for the administrative search warrant existed and denied EMS's Motion. (ECF DKT #15).

On April 28, 2008, Defendants moved for summary judgment in their favor. (ECF DKT #34). The Court ruled on the Motion as unopposed, after striking Plaintiff's Opposition Brief as untimely. The Court concluded: "Since Plaintiff's Complaint pleads no claim other than the validity of the administrative search warrant, and since the Court held there was no constitutional violation in the issuance and execution of the search warrant, Defendants Chester J. Ashton, John McKenna and Douglas Veselsky are entitled to summary judgment in their favor." (ECF DKT #34, p.6).

EMS appealed. The Sixth Circuit Court of Appeals issued an Opinion on July 21, 2010; and the Mandate was entered on August 13, 2010. The Sixth Circuit reversed the grant of summary judgment to the Defendants, and remanded for further proceedings. In doing so, the Court of Appeals cited to *Marshall v. Barlow's, Inc.*, 436 U.S. 307 (1978) and *Trinity Indus., Inc. v. Occupational Safety and Health Review Comm'n*, 16 F.3d 1455 (6th Cir.1994), which established that administrative probable cause requires a neutral administrative or legislative plan. A permissible administrative plan relies on "either random selection or

-3-

selection by relevant statistics that have no individual human component for the reason that searches flowing from these types of plans could not be the product of an agency's arbitrary decision." *See Trinity Indus.*, 16 F.3d at 1463 (Batchelder, J., concurring) (discussing *Barlow's*, 436 U.S. at 323). Considering the evidence and arguments, the Sixth Circuit held that genuine factual issues precluded summary judgment in Defendants' favor:

> Documentary evidence submitted below supported that annual inspections are a *goal* of the Fire Department, that the Department actually inspects only a fraction of the commercial establishments in Cleveland annually, and that [Captain] Otto and others have input into the choice of buildings to be inspected, i.e., that the Fire Department's administrative plan for annual inspections has human input and components and is thus not neutral. *Engineering & Manufacturing Services, LLC v. Ashton*, 387 Fed.Appx. 575, 585, 2010 WL 2842740, *9 (C.A.6 (Ohio)).

Following remand, this Court ordered a non-expert discovery deadline of December 30, 2011 and an expert discovery cut-off of March 1, 2012. The Court conducted a Settlement Conference on January 10, 2012; but no resolution was reached.

Defendants filed the instant Motion for Summary Judgment, relying upon the defense of qualified immunity, on April 23, 2012. The Court notes, in this regard, that the Sixth Circuit discussed qualified immunity in its July 21, 2010 Opinion. In footnote #5, the panel acknowledged that "[t]he district court did not reach the issue of qualified immunity;" yet, it decided "on the record before [it]," that Defendants were not entitled to the defense. EMS argues that, in light of the appellate opinion, Defendants are barred by the "law of the case doctrine" and "the mandate rule" from raising the qualified immunity defense again. This Court disagrees. Because the qualified immunity issue was not part of the record; was never addressed at the trial court level; and was considered by the Sixth Circuit before the completion of discovery, the appellate ruling does not have preclusive effect.

## II. LAW AND ANALYSIS

**Civil Rule 56 Standard**

A summary judgment should be granted if the pleadings, depositions, documents, electronically stored information, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See, Fed.R.Civ.P. 56(a) and (c).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994); and the court must view the facts and all inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*., 78 F.3d 1079, 1087 (6th Cir.1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir.1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F. 3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**42 U.S.C. § 1983**

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

To prove a claim under Section 1983, a plaintiff must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States, and that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994).

**Qualified Immunity Doctrine**

The doctrine of qualified immunity is "available to government officials performing discretionary functions." *Painter v. Robertson*, 185 F.3d 557, 566 (6th Cir.1999). The doctrine provides "immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S.194, 200-201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," the issue should be addressed "early in the proceedings." *Id.*

In determining whether qualified immunity is available, a court must make an initial inquiry of whether, "[t]aken in the light most favorable to the party asserting the injury," the "facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. If no

constitutional right has been violated, there is no need for the court to inquire further, as the officer will be entitled to immunity. *Id.*

If, however, the facts could show a constitutional violation, the court must then determine whether the right was clearly established at the time of the officer's conduct. *Id.* A government official will be entitled to immunity from suit as long as his conduct does not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Painter,* 185 F.3d at 567. Any action which is "objectively reasonable" in light of the "clearly established law at the time of the conduct at issue" will be protected by qualified immunity. *Id.* "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier,* 533 U.S. at 202.

The individuals raising qualified immunity bear the initial burden of coming forward with facts "to suggest that they were acting within the scope of their discretionary authority." *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir.1992). Thereafter, the burden shifts to the plaintiff to show "that the defendants' conduct violated a right so clearly established that any official in defendants' positions would have clearly understood that they were under an affirmative duty to refrain from such conduct." *Id.*; *see also Untalan v. City of Lorain,* 430 F.3d 312, 314 (6th Cir.2005); *Cartwright v. City of Marine City,* 336 F.3d 487, 490-491 (6th Cir.2003).

Summary judgment based on qualified immunity is not appropriate if there is a factual dispute or genuine issue of material fact "involving an issue on which the question of

immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights." *Rich*, 955 F.2d at 1095. Furthermore, summary judgment should be denied "if the undisputed facts show that the defendant's conduct did indeed violate clearly established rights." *Id.*

**Fourth Amendment violations**

"Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner, or in 'objective good faith.'" *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1239 (2012) (citing *United States v. Leon*, 468 U.S. 897, 922-923 (1984)). There is an exception, however, when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "The threshold for establishing this exception is high." *Messerschmidt*, 132 S.Ct. at 1239. As the *Leon* court cautioned:

> [I]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination because [i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. 468 U.S. at 921.

**Defendant Ashton**

Under the instant facts, it is established that Defendant Ashton signed the affidavit which was submitted to Municipal Judge Pianka for the issuance of an administrative search warrant. His notarized affidavit stated in part:

> 1. [] I am chief of the battalion that is closest to the property at 1124 East
> 152nd Street and my firefighters would be responsible for responding to a fire

-8-

at this address if one were to occur.

. . .

3. As part of my duties, I (with my local firefighters) conduct annual inspections of industrial sites to "get to know the property" the [sic] make certain there are no hazardous or dangerous conditions inside that would pose a threat to firefighters in the event of a fire.

. . .

4. On November 29, 2006 and December 22, 2006, I along with local firefighters, went to the premises located at 1124 East 152nd Street to conduct our annual interior inspection of the premises to determine if there are any hazardous or dangerous conditions in case there is a need to fight a fire at this large industrial building in the future. We were denied access to the premises on both occasions by the owner, Alexander Erdey.

. . .

6. Based on my experience as a Battalion Chief and the foregoing facts, I believe it is likely that the conditions of the interior of the premises known as 1124 East 152nd Street, are in violation of the City's Fire Code, and are or may become hazardous to the public health, safety or welfare.

At Ashton's deposition, he admitted that he did not prepare the affidavit; but he read it over and signed it. (ECF DKT #66-10, pp. 23-24). Ashton testified that he had been Battalion Chief for approximately ten years; had done numerous inspections; and had never been refused entry into a building. *Id*. at 36. He believed it was his responsibility to do the

water-based inspection for the protection of the structure and of the firefighters when they respond. *Id*. at 35. It was his "understanding that water based inspections are to be done annually for all buildings within your district;" but he was unaware of any documents, other than the general order setting inspection goals and the monthly inspection lists that would determine what buildings should be inspected and when they should be inspected. *Id*. at 36, 38.

Because Ashton was unaware of a legitimate, neutral annual inspection plan in existence for the City of Cleveland Fire Department, the references in his affidavit were, at a minimum, misleading and reckless. Thus, Ashton could not have possessed a reasonable good faith belief that the administrative search warrant was based upon probable cause, as established in *Barlow's* and *Trinity*. The Motion for Summary Judgment, based upon the defense of qualified immunity, is denied as to Defendant Chester J. Ashton.

**<u>Defendant McKenna</u>**

With regard to Defendant McKenna, he testified that he referred the EMS inspection matter to the City Law Department when he learned that the fire company was refused entry. (ECF DKT #66-11, p. 19). The Law Department drafted the search warrant application papers; and the only information McKenna provided was the property address and the relevant municipal code section. *Id*. at 23-24. He testified further that this was the only search warrant he can recall obtaining during his entire tenure with the Bureau of Fire Prevention. *Id*. at 28.

There are no facts demonstrating that Defendant McKenna acted other than with a reasonable, objective good faith belief that the warrant was properly issued by the neutral

magistrate, Judge Pianka. Defendant John McKenna is entitled to qualified immunity.

**Defendant Veselsky**

According to his deposition testimony, Defendant Veselsky is a Lieutenant and the Chief Fire Inspector for the City of Cleveland. (ECF DKT #66-12, p. 6). He took part in the inspection of the EMS premises because Defendant McKenna asked him to assist on the inspection and with serving the search warrant. *Id*. at 56-57. He testified that the Department tries to inspect warehouses and manufacturing establishments on a yearly basis. *Id*. at 33. However, because McKenna does not go out on routine inspections, he did not know whether, more often than not, these buildings have actually been inspected annually. *Id*. at 41.

Once again, with regard to Defendant Veselsky (like Defendant McKenna), EMS has provided no evidence to support the imposition upon him of § 1983 liability. Veselsky acted reasonably and had no reason to question the administrative search warrant duly issued by the Municipal Judge. Defendant Veselsky is entitled to qualified immunity.

### III. CONCLUSION

For all these reasons, the Motion (ECF DKT #66) of Defendants, Chester J. Ashton, John McKenna and Douglas G. Veselsky, for Summary Judgment, on the basis of qualified immunity, is granted in part as to Defendants, McKenna and Veselsky; and denied in part as to Defendant Ashton.

**IT IS SO ORDERED.**

Dated: March 28, 2013

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**